CAROLINE TURCO, OSB No. 083813
Senior Deputy City Attorney
caroline.turco@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Counsel for Defendant City of Portland*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **BARRY TRENELL WASHINGTON**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF PORTLAND**, a municipal corporation, and **JANE DOES 1–5**, Portland Police officers, <br><br> Defendants. | Case No. 3:26-cv-00236-SI <br><br><br> **DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS [NEW] FIRST AMENDED COMPLAINT AND RESPONSE TO MOTION FOR CLARIFICATION** |

### Local Rule 7-1 Certificate

Counsel for defendant City of Portland (hereafter "City") certifies that she and plaintiff made good faith efforts to resolve the issues in dispute and have been unable to do so. Specifically, counsel for the City and Plaintiff had a long phone call on March 31, 2026, followed up by email, which is attached herein.

### I.    RESPONSE TO MOTION FOR CLARIFICATION

As a preliminary matter, the City responds to Plaintiff's Motion for Clarification (ECF 12) by objecting that the motion is not allowed under the federal rules, and the amended pleading is otherwise untimely.  On March 12, 2026, the Court ordered that Plaintiff could file the version of the amended pleading that was submitted at that time. (ECF 9).  The amended pleading is a

Page 1  –   DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS [NEW] FIRST
AMENDED COMPLAINT AND RESPONSE TO MOTION FOR CLARIFICATION

different version than what the Court allowed. The Motion for Clarification was filed the following day. The City respectfully requests that the Court hold Plaintiff to the rules.

## II.     MOTION TO DISMISS

The City hereby moves to dismiss Plaintiff's First Amended Amended Complaint ("FAC") (ECF 10) in its entirety pursuant to FRCP 12(b)(6) because it fails to state a claim for relief. The City incorporates by reference the arguments in the previous Motion to Dismiss. (ECF 3). While counsel for the City does not currently represent the Jane Doe defendants, as they have not been named or served, the present Motion to Dismiss should dismiss the claims against them based on the arguments herein. More specifically,

1. Plaintiff's First Claim for malicious prosecution is untimely and barred by the applicable statute of limitations. The claim also fails on the merits as pled.

2. Plaintiff's Second Claim for Monell liability under the Fourth Amendment fails because there is no underlying constitutional violation. The claim also fails to allege sufficient facts to state a claim for relief.

3. Plaintiff's Third claim for procedural due process is untimely and barred by the statute of limitations. The claim also fails on the merits as pled.

4. Plaintiff's Fourth Claim for Monell liability under the Fourteenth Amendment fails because there is no underlying constitutional violation. The claim also fails to allege sufficient facts to state a claim for relief.

5. The request in the prayer of the FAC for injunctive relief should be denied.

## III.     MEMORANDUM OF LAW

### A.     Introduction

The City previously filed a Motion to Dismiss, and in response, Plaintiff filed the present amended pleading, which does not cure the deficiencies in the prior pleading. The City incorporates by reference the arguments in the previous Motion to Dismiss and requests the Court dismiss each of Plaintiff's four claims.

Page 2  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS [NEW] FIRST
AMENDED COMPLAINT AND RESPONSE TO MOTION FOR CLARIFICATION

**B.    Legal Standard**

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2).  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp.*, 550 U.S. at 555).  A 12(b)(6) motion tests whether there is a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015).  A 12(b)(1) motion "challenges the court's statutory or constitutional power to adjudicate the case before it." *WaterWatch of Or. v. Winchester Water Control Dist.*, 2021 WL 4317150, at *2 (D. Or. Sept. 22, 2021) (citations omitted).

In evaluating a motion to dismiss, the Court must accept the allegations of material facts as true and construe those allegations in the light most favorable to the non-moving party. *Taylor,* 780 F.3d at 935.  Significantly though, the Court need not accept as true legal conclusions or legal argument couched as factual allegations. *Iqbal*, 556 U.S. at 678–79 (a court does not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations.")  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.  Shotgun pleading is not permitted. *Gibson v. City of Portland*, 165 F.4th 1265 (9th Cir. 2026).

**C.    Argument**

**1.    Malicious Prosecution**

The Court should dismiss Plaintiff's malicious prosecution claim because the claim is untimely and because the allegations fail to state a claim.

a.    <u>Statute of Limitations</u>

A two-year statute of limitation applies to Plaintiff's § 1983 claim against defendants. *See*

Page 3  –   DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS [NEW] FIRST
          AMENDED COMPLAINT AND RESPONSE TO MOTION FOR CLARIFICATION

*Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002) (stating that under the Ninth Circuit's precedent, in Oregon, the two-year statute of limitations provided by Or. Rev. Stat. § 12.110 applies to § 1983 actions).  Under federal law, a claim "accrues" as soon as a plaintiff is either aware or should be aware of the existence and source of the injury. *See Lee v. United States*, 809 F.2d 1406, 1410 (9th Cir. 1987).

In the present case, a claim for malicious prosecution accrued when the proceeding terminated in Plaintiff's favor, which was November 30, 2021, when the dismissal occurred. Plaintiff moved to amend on March 10, 2026 to add this claim, which is more than two years following the accrual date.  This claim does not relate back to the original pleading under FRCP 15(c), because the original pleading was not filed timely, as argued in the City's Motion to Dismiss. *See Krupski v. Costa Crociere S. p.A.*, 560 U.S. 538, 541 (2010).  Moreover, the FAC states the "Amended Complaint is a standalone pleading and supersedes the prior complaint. I do not incorporate the prior pleadings." (FAC, ¶ 5).

In conferral, Plaintiff's position seemed to be that his claim in state court was filed timely, as the deadline fell on a Sunday, and he claims he filed the Monday thereafter.  He submitted to that court a motion but no declaration on this issue, and there was never any ruling on that issue as the case was removed.  Before this Court, Plaintiff has submitted a declaration. (ECF 8).  The exhibits to that declaration show that he tried to file on December 1, 2025, but the filing was rejected, and the court notified him via email before close of business the same day at 4:32 p.m. (ECF 8, Ex. 2–3).  The rejection indicates "This filing was submitted to the wrong court location, please check your records. Per the complaint caption, please resubmit to Washington County Circuit Court."  Plaintiff did not file until two days later.

As discussed in the City's previous Motion to Dismiss, the original pleading was untimely, as the first, second, and third claims therein accrued upon the arrest date of January 26, 2021.  In other words, the timeliness of the original pleading had nothing to do with whether Plaintiff filed on December 1, 2025 or December 3, 2025.  The third claim for relief under the

Page 4 –   DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS [NEW] FIRST
AMENDED COMPLAINT AND RESPONSE TO MOTION FOR CLARIFICATION

Fourteenth Amendment was conclusory and did not viably state a claim. Nor did that claim bear on the claim at issue in the malicious prosecution claim. At bottom, the original pleading was untimely and did not state viable claims. That filing does not cure the untimely claim now.

Because the first claim for relief for malicious prosecution is untimely, the Court should dismiss the claim with prejudice.

### b.    Jane Doe Defendants

In the alternative, the malicious prosecution claim is brought against Jane Doe defendants. Any claim against any Jane Doe defendants is untimely at this stage and should be dismissed. While counsel does not represent the Jane Doe defendants, the court record shows they have not been named or served. Under FRCP 4(m), Plaintiff must serve his pleading within 90 days of filing. This deadline has not been met for the earlier filings. As such, the claim against the Jane Doe defendants is untimely.

In conferral, Plaintiff asserted he did not know the identity of the Jane Doe officers. However, Plaintiff was represented by counsel in the underlying criminal case, and his counsel filed a request for discovery. (Declaration of Caroline Turco ("Turco Decl.") ¶ 4, Ex. 9). This was filed on June 22, 2021, and the case was not dismissed, as alleged by Plaintiff, until November 30, 2023 (FAC, ¶ 47). Regardless, Plaintiff could have requested this information earlier than now.

The claim against Jane Doe defendants is untimely and should be dismissed with prejudice.

### c.    Insufficient Allegations

A claim of malicious prosecution under Section 1983 must plead the elements of a state law malicious prosecution claim. *Fratzke v. Mont. Fish, Wildlife, & Parks*, 716 F. App'x 687, 688 (9th Cir. 2018). In Oregon, those elements are: "(1) the institution or continuation of criminal proceedings; (2) by or at the insistence of the defendant; (3) termination of such proceedings in the plaintiff's favor; (4) malice in instituting the proceedings; (5) lack of probable

Page 5 – DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS [NEW] FIRST
　　　　AMENDED COMPLAINT AND RESPONSE TO MOTION FOR CLARIFICATION

cause for the proceedings; and (6) injury or damage as a result." *Mouktabis v. Clackamas Cnty.*, 536 P.3d 1037, 777 (Or. Ct. App. 2023).

In the present case, Plaintiff has not pled facts sufficiently to state the elements of this claim. Specifically, Plaintiff alleges that the officers' actions "foreseeably resulted in the filing and maintenance of firearm-related criminal charges against me." (FAC, ¶ 45). The prosecutor signed and filed the Information of District Attorney. (*See* City's MTD, Ex. 2). There are no allegations as to how the prosecution was instituted or continued by defendants or done at the insistence of defendants. In Oregon, the prosecutor controls the decision to move forward with charges. *See* ORS 8.660, 132.330. In this case, the Deputy District Attorney submitted the charges. (*See* City MTD, Ex. 2). The creation of a police report does not give rise to institution of charges, continuation of charges, or insistence of defendant. *See Gibson v. City of Portland*, 2024 WL 811242, * 21 (D. Or. Feb. 26, 2024), *aff'd in part, rev'd in part*, 165 F.4th 1265, 1281 (9th Cir. 2026) ("An individual must have an "active role" in prosecution to be liable to malicious prosecution. Providing information to the prosecutor and testifying at grand jury proceedings are insufficient for liability to attach.").

Plaintiff has failed to plead sufficient facts to state a claim for malicious prosecution, and the Court should therefore dismiss this claim with prejudice.

### 2. Procedural Due Process

#### a. Improper Defendant

This claim is brought against the City as a defendant "acting through its personnel." Plaintiff may not maintain a Section 1983 action against the City based on a *respondeat superior* theory and therefore this claim should be dismissed. *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

#### b. Insufficient Allegations

To state a procedural due process claim, a plaintiff must establish "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural

Page 6 – DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS [NEW] FIRST AMENDED COMPLAINT AND RESPONSE TO MOTION FOR CLARIFICATION

protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).  In the present case, there is no protected liberty interest at issue, and the allegations do not otherwise state a claim.

Plaintiff states this claim arises from events occurring on February 2, 2024, September 18, 2024, and May 10, 2025. (FAC, ¶ 51).  The February 2024 incident is described in paragraphs 52 and 53, as involving a Beaverton police officer who ran plates of a car not registered to Plaintiff.  Plaintiff states this search resulted in the officer finding "an association originating from the January 26, 2021 PPB stop."  Plaintiff does not have a liberty interest arising from having an officer running plates on a car not registered to him.  And, this action was by an officer in Beaverton, not Portland.  Plaintiff has filed a separate case for this incident, and it alleges there was an administrative arrest order. (Turco Decl., ¶ 5, Ex. 10).  Lastly, the listing of "an association" is not something Plaintiff has a liberty interest in.  Simply put, the events of February 2024 do not give rise to a constitutional violation.

Furthermore, as discussed in the City's Motion to Dismiss, Plaintiff pled guilty to a weapons charge on September 7, 2021 and was probation until February 9, 2023 when supervision was revoked. (*See* City's MTD, Ex. 4, 5).  In the plea deal, Plaintiff relinquished rights. (Turco Decl., ¶ 6, Ex. 11).  He was required to forfeit a weapon and possess no weapons; he was required to submit to consent searches; he was required to notify his supervising officer of any new arrests, citations, etc. (*Id*., p. 3–4).  When his probation was revoked, he was put on Post Prison Supervision for two years thereafter, which included the time period of the February 2, 2024 incident. (*Id.,* Ex. 5).  In other words, Plaintiff was on supervision on February 2, 2024, after having probation revoked on a weapons charge, and he therefore had no liberty interest in the unnamed "law enforcement database records" alleged.

Looking to the September 2024 and May 2025 incidents, the same arguments apply. While Plaintiff may have been off Post Prison Supervision at that point, because it had been revoked, the weapons conviction of September 2021 was on his record.  Further, the allegations

Page 7  –  DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS [NEW] FIRST
          AMENDED COMPLAINT AND RESPONSE TO MOTION FOR CLARIFICATION

regarding September 2024 refer vaguely to a CAD report (FAC, ¶ 54). Without more, this does not state a claim for a liberty interest. The allegations regarding May 2025 involve a "Washington County Sheriff's Office report." (*Id*., ¶ 55). This incident involved "an active warrant" and the listing in an unnamed database was not the causal factor. The allegations of September 2024 and May 2025 do not state a viable claim.

In sum, the procedural due process claim relies on events that do not involve the currently named defendants, do not involve a protected liberty interest, and are improper against the City as defendant. As such, this claim fails on the merits and should be dismissed with prejudice.

### 3. Monell—Fourth Amendment

#### a. No Underlying Constitutional Violation

As discussed in the City's Motion to Dismiss, there can be no municipal liability when there is no violation of a constitutional right. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Plaintiff has failed to adequately allege a violation of any constitutional right under the Fourth Amendment. For this reason alone, this Monell claim should be dismissed.

#### b. Insufficient Allegations

Looking to the merits of the Monell claim, Plaintiff's allegations are barred by Oregon's two-year statute of limitations and fail to substantively state a claim for relief. This claim relies on the First Claim for Relief of Malicious Prosecution, and that claim is untimely for the reasons stated above. Because the underlying constitutional claim is untimely, so is the derivative Monell claim.

The allegations otherwise fail to state claim, as discussed in the City's previously filed MTD. Plaintiff's FAC states no allegations showing a policy, custom, or practice relating to malicious prosecution that is plausible. "Since *Iqbal*, courts have repeatedly rejected conclusory *Monell* allegations that lack factual content from which one could plausibly infer *Monell* liability." *King v. City of Portland*, No. 3:22-cv-00801-AR, 2023 WL 6283292, *4 (D. Or. Aug. 23, 2023). There are likewise no allegations regarding a failure to train, supervise, or discipline.

Page 8  – DEFENDANT CITY OF PORTLAND'S MOTION TO DISMISS [NEW] FIRST
        AMENDED COMPLAINT AND RESPONSE TO MOTION FOR CLARIFICATION

The pleading discusses these terms in a conclusory fashion only. The FAC refers only to the experience of Plaintiff—in a concrete, non-conclusory fashion, and his experience is not enough to establish a policy, practice, or custom. Because the claim is untimely and otherwise does not state sufficient facts, the Court should dismiss this claim.

### 4. Monell—Fourteenth Amendment

This claim fails for the similar reasons discussed above with reference to the other Monell claim. The due process claim fails as untimely and the allegations are insufficient to state the elements of the claim. The Monell claim also fails under *Heller* as there is no underlying constitutional violation. As such the Court should dismiss this claim with prejudice.

### 5. Injunctive Relief

The request in the prayer for injunctive relief should be denied, as Plaintiff does not have any viable claims for relief. Further, injunctive relief is an "extraordinary remedy" that requires a clear showing that a plaintiff is entitled to such relief. *O'Hailpin v. Hawaiian Airlines, Inc.*, 583 F.Supp.3d 1294, 1301 (D. Haw. Feb. 2, 2022). The present case, and the balancing of equities, does not warrant such a remedy.

### IV.    CONCLUSION

For the reasons stated above, the City of Portland respectfully requests the Court to grant the City's Motion to Dismiss.

DATED:  April 3, 2026

Respectfully submitted,

*/s/ Caroline Turco*
CAROLINE TURCO, OSB No. 083813
Senior Deputy City Attorney
caroline.turco@portlandoregon.gov
*Counsel for Defendant City of Portland*

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047