IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BARRY TRENELL WASHINGTON**, | Case No. 3:26-cv-236-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **CITY OF PORTLAND**, a municipal corporation; and **JANE DOES 1-5**, Portland Police officers, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

In December 2025, Plaintiff Barry Washington, representing himself, filed a lawsuit in

the Circuit Court of the State of Oregon for the County of Multnomah. ECF 1-2. In that action,

he asserted claims under 42 U.S.C. § 1983 against the City of Portland and five unidentified

officers of the Portland Police Bureau ("PPB"), alleging violations of his civil rights under the

Fourth and Fourteenth Amendments to the Constitution. *Id*. Defendants timely removed the

lawsuit to this Court, ECF 1, and moved to dismiss under Rule 12(b)(6) of the Federal Rules of

Civil Procedure. ECF 3. In response, Mr. Washington moved for leave to file an amended

complaint, ECF 7, which the Court granted and simultaneously denied as moot Defendants'

PAGE 1 – ORDER

Motion to Dismiss the original Complaint. ECF 9. Plaintiff then filed an Amended Complaint, which was not precisely identical to the proposed complaint in Plaintiff's motion. ECF 10.

Now pending before the Court are three motions. The first is Plaintiff's Motion for Clarification as to whether his Amended Complaint filed on March 23 may be considered as the operative pleading, ECF 12; Second, Defendants have filed a Motion to Dismiss, ECF 13. Third, Mr. Washington has moved for leave to file a late response to Defendants' Motion to Dismiss, ECF 15. The Court grants Plaintiff's Motion for Clarification and states that Mr. Washington's amended complaint filed March 23 (hereinafter, the "First Amended Complaint" or "FAC") is his currently operative pleading. *See* ECF 10 (FAC). The Court also grants Plaintiff's Motion for Leave to file a late response to Defendants' motion to dismiss. Finally, the Court grants Defendants' Motion to Dismiss.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon*

PAGE 2 – ORDER

*Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

PAGE 3 – ORDER

relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

On January 26, 2021, Plaintiff was stopped by PPB officers while Plaintiff was driving his car in Portland, Oregon. ECF 10, ¶ 24 (FAC). He was transporting at least one unidentified passenger. *Id.* ¶ 28. Plaintiff's FAC does not shed light on the stated basis for the stop. Plaintiff and his passenger were ordered out of the vehicle, which PPB officers proceeded to search. *Id.* ¶ 28-31. The officers did not have a warrant, and Plaintiff did not consent to the search. *Id.* ¶ 29. During the search, the officers discovered a firearm in or around the passenger-side floorboard. *Id.* ¶¶ 31-32. The officers arrested Plaintiff for unlawful possession of a firearm and possession of a loaded firearm in a public place.[1] *Id.* ¶ 42. On November 30, 2023, the Multnomah County Circuit Court dismissed all pending charges related to Plaintiff's January 2021 arrest. *Id.* ¶¶ 47-49.

Plaintiff continued to have run-ins with local law enforcement. On February 2, 2024, Beaverton police executed an administrative arrest order against Plaintiff. *Id.* ¶¶ 51-53. Plaintiff also mentions an incident on September 18, 2024, involving an unidentified police department, but does not include sufficient facts for the Court to understand the nature of that interaction. *Id.* ¶ 54. On May 10, 2025, deputies from the Washington County Sheriff's Office arrested

---

[1] Plaintiff also alleges that the officer had Plaintiff's car, which was serving as his home at the time, towed and impounded. *Id.* ¶¶ 35-40. Plaintiff, however, does not base any of his claims on these allegations.

PAGE 4 – ORDER

Plaintiff inside the resident of another person.[2] *Id*. ¶¶ 55-58. During the arrest, the deputies allegedly drew their service weapons and arrested Plaintiff in view of his minor child. *Id*. ¶¶ 56-57. Plaintiff alleges that after his arrest on January 26, 2021, PPB officers had entered "firearm-coded caution language" about Plaintiff into unidentified "dispatch and law-enforcement systems." *Id*. ¶ 50. Plaintiff attributes the allegedly escalatory conduct of law enforcement officers with whom Plaintiff interacted in February 2024, September 2024, and May 2025 to these entries made by the PPB. *Id*. ¶ 58. Plaintiff contends that his later interactions with law enforcement were more aggressive than they otherwise would have been because those officers believed that Plaintiff was likely to be armed.

## DISCUSSION

### A. Plaintiff's Motion for Clarification

On March 10, 2026, Plaintiff filed a Motion for Leave to File an Amended Complaint, with a proposed amended complaint attached. ECF 7. On March 12, the Court granted that motion and ordered him promptly to file his proposed amended complaint. ECF 9. On March 23, however, Plaintiff filed an amended complaint that was not precisely the same as that which he had proposed. *See* ECF 10. On March 24, 2026, Plaintiff filed a motion titled "Motion for Clarification that the Filed First Amended Complaint is within the Scope of Leave Previously Granted or, in the Alternative, for Leave to Proceed on the First Amended Complaint as Filed." ECF 12. Noting Plaintiff's *pro se* status and the lack of any unfair prejudice to Defendants, the Court grants Plaintiff's motion. The operative complaint in this case is the FAC, the pleading that Plaintiff filed on March 23, ECF 10.

---

[2] Plaintiff alleges that the occupant of the residence did not give the deputies consent to enter but also asserts that the deputies stated that "they had a properly issued warrant." FAC ¶¶ 58-59.

### B. Plaintiff's Motion for Leave to File an Untimely Response

Under Local Rule 7-1(e)(1), parties must file responses to a motion to dismiss within 14 days after service of the motion. Defendants filed their Motion to Dismiss on April 3. ECF 13. Plaintiff filed his response, ECF 16, along with his Motion for Leave to File an Untimely Response, ECF 15, on April 18, one day late. Considering Plaintiff's status as a *pro se* litigant, the *de minimis* length of the delay, and the lack of any unfair prejudice to Defendants, the Court grants Plaintiff's Motion for Leave to File an Untimely Response and accepts the response that Plaintiff has filed.

### C. Defendants' Motion to Dismiss

Plaintiff asserts four claims against Defendants. First, he brings a claim under § 1983, alleging that the individual Defendants committed an unreasonable seizure in arresting him and engaged in a malicious prosecution, both in violation of his rights under the Fourth Amendment. Second, he brings another claim under § 1983, alleging that the individual Defendants violated the Plaintiff's procedural due process rights under the Fourteenth Amendment when they retained and disseminated "firearm-coded caution language" after the Multnomah County Circuit Court dismissed the charges stemming from his January 2021 arrest.[3] His final two claims are *Monell* claims, alleging municipal liability for each of the first two claims. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

---

[3] For a plaintiff's claim under § 1983 asserted against an individual defendant to survive a motion to dismiss based on qualified immunity, the plaintiff would need to identify relevant caselaw showing that the individual defendant's conduct violated a clearly established right. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982). Several of Plaintiff's claims in this case might not meet this standard, but because Defendants have not asserted qualified immunity, the Court will not further address that issue at this time.

### 1. Unreasonable Seizure

Defendants argue that Plaintiff's claim of unreasonable seizure is time-barred. The Court

agrees. In Oregon, "the appropriate statute of limitations in § 1983 actions is Or. Rev. Stat.

('ORS') § 12.110." *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002). That statute

provides a two-year statute of limitations. ORS 12.110(2). The applicable statute of limitations

began to run on the date that Plaintiff's claims accrued. "A claim accrues as soon as a potential

claimant either is aware or should be aware of the existence of and source of his injury[.]" *Lee v.

United States*, 809 F.2d 1406, 1410 (9th Cir. 1987).

Here, Plaintiff was aware of both the existence and the source of his alleged injury giving

rise to his claim of unreasonable seizure when that seizure occurred on January 26, 2021. *See,

e.g.*, *Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983) ("[W]here false arrest or illegal

search and seizure is alleged, the conduct and asserted injury are discrete and complete upon

occurrence, and the cause of action can reasonably be deemed to have accrued when the

wrongful act occurs."). Thus, the unreasonable seizure claim accrued nearly five years before

Plaintiff filed his original suit on December 3, 2025, well outside the statute of limitations.

### 2. Malicious Prosecution Claim

Defendants assert that Plaintiff's malicious prosecution claim is both time-barred and

fails on the merits. Plaintiff added his malicious prosecution claim more than three months after

the expiration of the statute of limitations.[4] That claim arguably relates back to his original

---

[4] The same two-year statute of limitations applies. "[A] malicious prosecution action accrues under federal law when 'the [allegedly unlawful] case has been terminated in favor of the accused' and the plaintiff 'knows or should know' that the action has been terminated." *Lim v. City & County of San Francisco*, 2010 WL 1838834, at *6 (N.D. Cal. May 4, 2010) (quoting *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981)). Plaintiff's criminal case was dismissed from state court on November 30, 2023. He added his malicious prosecution claim in his FAC, which was filed on March 23, 2026.

complaint filed on December 3, 2025.[5] Although Plaintiff's original complaint was filed two years and three days after the state court dismissal, equitable tolling may apply to make the complaint timely.[6] The Court need not resolve that issue, however, because the malicious prosecution claim fails on the merits.

"To prove a constitutional violation for malicious prosecution under § 1983, 'a plaintiff must show that the defendants prosecuted him with malice and without probable cause, and they did so for the purpose of denying him equal protection or another specific constitutional right.'" *Griffin v. Asla*, 2022 WL 4237275, at *7 (D. Or. Sep. 14, 2022) (quoting *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004)). Even under the liberal standards given *pro se* parties, no reading of Plaintiff's FAC evinces malice or lack of probable cause in his criminal prosecution. Moreover, he does not allege that the prosecution was conducted for the purpose of denying him a constitutional right.

### 3. Procedural Due Process

Plaintiff alleges that Defendants violated his Fourteenth Amendment right to procedural due process when they retained and disseminated "firearm-coded cautionary information" about him in an unidentified law enforcement system.[7] The Court construes this to mean that Plaintiff

---

[5] "An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B). Here, Plaintiff's malicious prosecution claim arises out of the same occurrence—the January 26, 2021 arrest and subsequent prosecution—that is the focus of the original complaint.

[6] Plaintiff explains the three-day delay by noting that the due date fell on a Sunday and that he experienced technical and formatting difficulties during submission.

[7] Defendant argues that Plaintiff's Fourteenth Amendment complaint cannot be sustained because he attempts to assign liability to the City via an inappropriate *respondeat superior* theory. Plaintiff is acting *pro se*. His complaint makes clear that he believes individual officers maintained the firearm-related information at issue and attempts to assign liability to the City under *Monell*. The Court liberally construes the pleadings of a *pro se* litigant but also need not

alleges that Defendant City of Portland maintains a database that alerts law enforcement officers that Plaintiff was arrested on firearms charges in January 2021.

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Plaintiff essentially alleges a liberty interest in removing his arrest records from unidentified law enforcement systems. But there is no constitutionally protected liberty interest in expunging valid arrest records, or in preventing their dissemination to other law enforcement organizations. *See, e.g.*, *August v. City of Los Angeles*, 848 F.2d 1242, 1988 WL 60657, at *1 (9th Cir. 1988) (unpublished decision) ("There is no federal right to have arrest records expunged."). Thus, Plaintiff's procedural due process claim fails on the first *Brewster* element.

### 4. *Monell* Claims

Plaintiff alleges municipal liability for violations of his Fourth and Fourteenth Amendment rights under *Monell.* To maintain a *Monell* claim, Plaintiff must first establish that there is an underlying constitutional harm. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). As discussed above, Plaintiff has not alleged facts sufficient to state a constitutional claim against any individual Defendant. Thus, Plaintiff's *Monell* claims fail.

### 5. Dismissal With or Without Prejudice

When a dismissed complaint cannot be cured by amendment, the Court dismisses with prejudice. *See, e.g.*, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Here, any amendment cannot cure the bar imposed by the statute of limitations. Thus, the Court

---

disentangle the theories of liability on Plaintiff's Fourteenth Amendment claim because the claim fails on the merits.

PAGE 9 – ORDER

dismisses with prejudice Plaintiff's claim alleging unreasonable seizure. Although the Court is skeptical that Plaintiff can cure the deficiencies identified in the rest of the FAC, the Court will give Plaintiff one further opportunity to do so. If Plaintiff wishes to file a Second Amended Complaint, he must do so within 28 days from the date of this Order.

## CONCLUSION

The Court GRANTS Plaintiff's Motion for Clarification, ECF 12, and finds that the operative complaint is Plaintiff's First Amended Complaint filed on March 23, ECF 10. The Court GRANTS Plaintiff's Motion for Leave to File an Untimely Response, ECF 15. The Court GRANTS Defendants' Motion to Dismiss, ECF 13. The Court DISMISSES Plaintiff's claim of unreasonable seizure with prejudice. The Court DISMISSES all other claims with leave to amend. If Plaintiff believes he can cure the deficiencies identified in this Order, he may file a Second Amended Complaint not later than 28 days from the date of this Order.

**IT IS SO ORDERED.**

DATED this 12th day of June, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 10 – ORDER